UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

SUSANNE HOWARD,                          )
                                         )
            Plaintiff,                   )
                                         )
      v.                                 )      No. 1:25-cv-01207-RLY-MJD
                                         )
ROLLS-ROYCE NORTH AMERICA, INC.,         )
                                         )
            Defendant.                   )


**MINUTE ENTRY FOR APRIL 16, 2026**
**IN-PERSON HEARING**
**HON. MARK J. DINSMORE, MAGISTRATE JUDGE**


The parties appeared by counsel for a hearing on the parties' Joint Motion for Extension of Time of the Liability Discovery (For a Limited Purpose) and Extension of Dispositive Motions Deadlines. [Dkt. 39.]  Discovery opened in this matter on August 20, 2025.  On August 28, 2025, the Court entered a Case Management Plan that established a deadline of April 10, 2026 for the parties to complete all liability discovery in this matter.  On April 10, 2026, the parties filed the instant motion because Plaintiff has not yet completed a planned Rule 30(b)(6) deposition of Defendant Rolls-Royce Corporation.

As noted by Judge Evans in *Spears v. City of Indianapolis*, 74 F.3d 153, 157 (7th Cir. 1996):

> We live in a world of deadlines. If we're late for the start of the game or the movie, or late for the departure of the plane or the train, things go forward without us. The practice of law is no exception.  A good judge sets deadlines, and the judge has a right to assume that deadlines will be honored. The flow of cases through a busy district court is aided, not hindered, by adherence to deadlines.

*See also United States v. Golden Elevator, Inc.,* 27 F.3d 301, 302 (7th Cir. 1994) ("Ignoring deadlines is the surest way to lose a case. Time limits coordinate and expedite a complex process; they pervade the legal system, starting with the statute of limitations. Extended disregard of time limits (even the non-jurisdictional kind) is ruinous."); *Northwestern National Insurance Co. v. Baltes,* 15 F.3d 660, 663 (7th Cir. 1994) ("Lawyers and litigants who decide that they will play by rules of their own invention will find that the game cannot be won.").

In *Finwall v. City of Chicago*, 239 F.R.D. 494 (N.D. Ill. 2006), Magistrate Judge Cole excluded Plaintiff's experts for Plaintiff's failure to identify those experts and provide the required reports on or before the expert disclosure deadline.  In so doing, the court noted as follows:

> Under the Federal Rules of Civil Procedure, it is the court's prerogative—indeed, its duty—to manage its caseload and enforce deadlines.  *Reales v. Consolidated Rail Corp.,* 84 F.3d 993, 996 (7th Cir. 1996). It is not the right of a party who chooses not to comply with those deadlines to be able to restructure them at will. Nor is it the prerogative of the violator to require his victim to accept his largesse in the form of allowing discovery to proceed after the deadline set for the close of discovery by the court.

*Id.* at 500-01.  The district judge overruled Plaintiff's objections to Magistrate Judge Cole's order, holding that Magistrate Judge Cole's order was not clearly erroneous or contrary to law,[1] which is the applicable standard for overruling the decision of a magistrate judge on a non-dispositive order.  *Finwall v. City of Chicago,* 239 F.R.D. 504, 506 (N.D. Ill. 2006); Fed. R. Civ. P. 72(a).

---

[1] The Seventh Circuit has articulated that a decision is clearly erroneous only if it strikes the court as "wrong with the force of a five-week-old, unrefrigerated, dead fish." *Parts & Elec. Motors, Inc. v. Sterling Elec, Inc.*, 866 F.2d 228, 233 (7th Cir. 1988).

This Court's workload dictates that every effort must be made to ensure the speedy and efficient administration of justice.[2] The Court must establish deadlines and counsel must meet those deadlines for the Court to have any ability to function. The instant situation is the result of counsels' failure to adequately plan their discovery schedule so as to enable them to complete the work needed in the time allowed, as nothing was shown to suggest that the 233-day window to complete liability discovery was insufficient to allow the parties to conduct the discovery they needed. Accordingly, finding that the motion is not supported by good cause, the motion [Dkt. 39] is **DENIED**.

Nevertheless, the Court hereby grants Plaintiff leave to conduct the Rule 30(b)(6) deposition of Defendant Rolls-Royce Corporation after the April 10, 2026 liability discovery cut-off, so long as that deposition is completed by no later than **April 24, 2026**.[3] Plaintiff's counsel confirmed during the hearing that Plaintiff will not be filing a motion for summary judgment. As the three Rule 30(b)(6) deponents are all employees of Defendant, the Court finds no basis to enlarge the May 8, 2026 dispositive motions deadline.

SO ORDERED.

Dated:  17 APR 2026

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

---

[2] In the 12-month period ending December 31, 2025, the pending cases per judgeship in the Southern District of Indiana stood at 2203, first in the Seventh Circuit and fourth in the nation. *See* https://www.uscourts.gov/sites/default/files/document/fcms_na_distprofile1231.2025.pdf.

[3] During the hearing, the parties reported that three individuals will be designated to provide testimony on behalf of Defendant Rolls-Royce Corporation during the Rule 30(b)(6) deposition, and that those three individuals have been scheduled to testify on April 23 and 24, 2026. The parties also reported that all issues with Plaintiff's Rule 30(b)(6) deposition notice have been resolved.

Distribution:

Service will be made electronically
on all ECF-registered counsel of record via
email generated by the Court's ECF system.